

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. AP-76,809

**EX PARTE MICHAEL DEE HOWARD, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4321-A IN THE 216TH DISTRICT COURT
FROM GILLESPIE COUNTY**

**KEASLER, J., filed a dissenting opinion, in which HERVEY, J., joined.**

**D I S S E N T I N G   O P I N I O N**

Because Michael Howard is unable to establish prejudice from trial counsel's deficient performance in the guilt phase of his trial, I agree his claim should be denied. I readily join the majority on this point. In fact, I do not think I could improve much on this part of the majority's opinion had I delivered it myself. However, the majority and I part company in its remanding to the habeas judge for findings of fact on whether Howard was prejudiced by counsel's performance at punishment.

In his application for a writ of habeas corpus, Howard does not claim that he received ineffective assistance of counsel in the punishment phase nor does he provide a factual basis

for such a claim.[1]   Howard's ineffective-assistance claim, as detailed by the majority's opinion, is directed solely at counsel's performance in the guilt phase.  Because Howard never asserted this claim in his application, we did not order the habeas judge to enter findings of fact and conclusions of law on whether Howard received ineffective assistance of counsel at punishment.[2]   At the evidentiary hearing, Howard did not question counsel concerning his conduct during the punishment phase of the trial.  Howard also did not propose any findings or conclusions concerning counsel's performance at punishment in his Proposed Findings of Fact, Conclusions of Law, and Order of the Court, and the habeas judge did not enter any.

Whether counsel was ineffective in the punishment phase is simply not a claim this Court or the trial court should resolve.  If this is truly a claim Howard wished to assert, he could and should have, as this is a burden that rests with the applicant.  He is ably represented in these post-conviction proceedings by counsel who is board-certified in both criminal law and criminal appellate law.  Courts are not responsible for delving into the record, investigating the case, and then formulating a habeas applicant's claims.  In fact, that is why the mandatory application form requires the applicant to state the claims being made and factual basis of each claim.

---

[1]   *See generally Ex parte Medina*, 361 S.W.3d 633, 637-40 (Tex. Crim. App. 2011) (recognizing the importance of pleading factual bases for asserted claims in an application for a writ of habeas corpus).

[2]   *Ex parte Howard*, Order, WR-73,183-01, at 2 (Tex. Crim. App. December 8, 2010) (per curiam) (not designated for publication).

In a broader sense, I am disturbed by the Court's increasingly frequent undisciplined approach to resolving claims on habeas.[3] This matter is the latest example. Surely this Court may identify an injustice that is so apparent from the record that our sense of duty and justice compels us to resolve it *sua sponte*. But this matter does not present us with such a circumstance. When the Court reaches out to address unpleaded claims in a manner inconsistent with similarly pleaded applications, it undermines the habeas process and the judicial system generally. Countless applications alleging ineffective-assistance claims have been reviewed and denied by this Court without the benefit of remanding to explore some theoretically meritorious, yet unpleaded, claim. What warrants such a deviation here? The majority claims that, "Our reason for rejecting [Howard's] guilt-stage claim—that [Howard's] insanity was the result of voluntary intoxication—logically implicates the issue of whether counsel was ineffective at the punishment stage."[4] The logic escapes me. Just because the Court rejects Howard's insanity-defense argument at guilt does not necessarily mean that his counsel was ineffective for failing to seek a voluntary-intoxication jury instruction in punishment. At a minimum, it certainly does not warrant the majority's conclusion that Howard's counsel's performance was deficient for this omission—an unsubstantiated determination the Court impliedly makes in remanding solely for prejudice.

---

[3] *See, e.g., Ex parte Henderson*, 384 S.W.3d 833, 852-53, 858-59 (Tex. Crim. App. 2012) (Keasler, J., dissenting); *Ex parte Medina*, 361 S.W.3d 633, 647 (Tex. Crim. App. 2011) (Keasler, J., dissenting).

[4] *Ante*, op. at 16.

Although we may not be bound by the strict rigors of precedent or statute in interpreting an applicant's claim,[5] the same weighty principles underlying stare decisis and fairness require that we review each application the same. Remaining consistent in our treatment of applications for writs of habeas corpus "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."[6] Treating similar applications differently renders post-conviction dispositions vulnerable to the whims and "proclivities of individuals"[7]—imperceptibly infusing the decision-making process with the subtle influence of such things as the nature of applicant's offense, applicant's trial counsel, the presiding judge of applicant's trial and post-conviction proceedings, and similar distractions that are often beyond an applicant's control.

In light of these principles, Howard's application should be denied and nothing more.

DELIVERED: September 11, 2013

DO NOT PUBLISH

---

[5] *But see* TEX. CODE CRIM. PROC. arts. 11.07, § 4 & 11.071, § 5 (prohibiting the review of a subsequent application's merits, but subject to specific exceptions).

[6] *Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

[7] *Vasquez v. Hillery*, 474 U.S. 254, 265-66 (1986).